## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| BERNARD TECHNOLOGIES, INC., | Case No. 04-13617 (MFW) |
| Debtor. | |

## OBJECTION OF THE DEBTOR, BERNARD TECHNOLOGIES, INC. TO MOTION OF BARRIERSAFT SOLUTIONS INTERNATIONAL, INC. F/K/A MICROFLEX CORPORATION FOR AN ORDER DIRECTING EXAMINATION OF THE DEBTOR'S CEO, SUMNER BARENBERG, AND COMPELLING PRODUCTION OF DOCUMENTS PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Bernard Technologies, Inc., debtor and debtor-in-possession (the "Debtor"), hereby objects to the Motion of Barriersafe Solutions International, Inc., f/k/a Microflex Corporation ("Microflex") for an Order Directing Examination of the Debtor's CEO, Sumner Barenberg, and Compelling Production of Documents Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Motion"), filed on    In support of this Objection, the Debtor respectfully represents as follows:

### Background

1.    On December 26, 2004 (the "Petition Date") , the Debtor filed a petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.    The Debtor remains in possession of its property and continues to operate and manage its business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3.     On January 16, 2004, the United States Trustee for the District of Delaware (the "U.S. Trustee") filed a Notice of Appointment of the Committee of Unsecured Creditors (the "Committee").

4.     The Court has jurisdiction over this matter pursuant to Sections 157 and 1334 of Title 28 of the United States Code. This matter presents a core proceeding pursuant to Section 157(b)(2) of Title 28. Venue of the Debtor's Chapter 11 case in this Court is appropriate under Section 1408 of Title 28 and venue in this Court of the proceeding initiated by this Motion is appropriate under Section 1409 of Title 28.

5.     On February 8, 2005, Microflex filed the Motion, seeking to compel the Debtor's CEO to (i) appear at a deposition and (ii) produce any and all documents relating to "the Microflex IP Agreements, including, without limitation, all documents relating to Microflex' rights as a sub-licensee of Southwest's IP."

6.     Microflex acknowledges in the Motion, *inter alia*, that it has a complaint filed against the Debtor in the Delaware Chancery Court (the "Chancery Court"), *which has been pending for over a year*, seeking to (i) restrain the Debtor from taking actions which might infringe on Microflex' alleged rights under a certain intellectual property license agreement with the Debtor (the "License"), and (ii) compel the Debtor to specifically perform certain alleged obligations under this License.

7.     Microflex alleged in the Motion that, despite the pending Chancery Court Litigation (and it should be pointed out, the extensive discovery conducted therein), that it needs to examine the Debtor's CEO pursuant to Rule 2004 because:

(i) the Debtor, in its bankruptcy schedules, "failed to explain that Microflex essentially prepaid its royalty obligations, even though the Debtor itself failed to perform under the Microflex IP Agreements";

(ii) a small group of minority shareholders have filed a motion to appoint Chapter 11 Trustee, alleging mismanagement by the Debtor's CEO;

(iii) the Debtor's licensor, Southwest Research Associates ("SwRI") has filed a motion for 2004 examination, and Microflex fears that this motion somehow suggests that Southwest may terminate its license agreement with the Debtor, which "could materially impair Microflex' rights"; and

(iv) Microflex needs the opportunity to depose the Debtor's CEO so that it can determine its rights and remedies in connection with the License, and whether Microflex must take action pursuant to Section 365(n) of the Bankruptcy Code[1] to "reserve its exclusivity rights by contracting with, among others, Southwest."

8.     None of Microflex' stated reasons for the 2004 examination should justify this Court's entry of an order granting the Motion.  Microflex' Motion is, in addition to being premature and a distraction to the Debtor's active efforts to stabilize and reorganize the business, the pretextual effort of a litigant, who, after having nearly a year to conduct discovery under applicable Delaware Civil Rules in the Chancery Court Action, has now sought to circumvent these rules through proceeding with a 2004 examination.  Such pretextual efforts should not be countenanced by this Court, nor allowed to distract the Debtor from its very involved efforts with

---

[1]  The Debtor, as is the case with any Chapter 11 debtor, has continued to reserve its rights, in its business judgment, to determine the timing of any appropriate filings, if any under Section 365 of the Bankruptcy, or whether applicable state-law principles governing the contract rights and remedies of parties to a license agreement at issue in the Chancery Court Action are the most appropriate means of resolving certain of the issues in its Chapter 11.

respect to reorganizing and addressing the other multitude of issues confronting a Chapter 11 debtor.

9.      Since commencement of this case, the Debtor has timely filed its bankruptcy schedules and statement of financial affairs, timely filed its initial operating report, has attended and answer the questions posed at the 341 meeting of creditors, has had subsequent conferences and exchanges of information with the United States Trustee, SwRI and the Committee. Similarly, the Debtor has devoted substantial time to stabilizing its business in the U.S. and abroad.  The Debtor has and intends to continue to respond all reasonable information requests from parties in interest during this case, and to work with its creditors and key constituencies to exit Chapter 11 as promptly as possible in a manner with maximizes the value of the assets to the estate, its creditors and other parties-in-interest.  As evidenced not only by Microflex' Motion, but also by the answer and counterclaim filed by the Debtor in the Chancery Court (a copy of which is attached hereto as Exhibit "A"), the Debtor's dispute with Microflex involves significant and complicated commercial and intellectual property litigation issues with an entity who appears now to want only to compete with the Debtor, but also apparently to replace the Debtor entirely.  Allowing such an entity to circumvent the discovery rules and seek to use Rule 2004 to examine the Debtor without re-commencing the underlying litigation in this Court if appropriate, is not appropriate or in the best interests of the estate or its creditors.

## **Applicable Authority**

10.     Pursuant to Rule 2004(a) of the Federal Rules of Bankruptcy Procedure, "on motion of any party in interest, the court may order the examination of any entity."

11.     Rule 2004 of the Federal Rules of Bankruptcy Procedure provides as follows:

(b) for the examination of an entity as to the acts, conduct or property or to the liabilities and financial condition of the debtor, or to any matter which may affect

- 4 -

the administration of the debtor's estate. . .[I]n a reorganization case under chapter 11 of the Code, other than the reorganization of a railroad, the examination may also relate to the operation of any business or the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or the formulation of a plan.

(c) The attendance of an entity for examination and the production of documentary evidence may be compelled in the manner provided in Rule 9016 for the attendance of witnesses at a hearing or trial.

12.     Where a third-party creditor of the Debtor has a pending action against the Debtor and seeks to circumvent the adversarial discovery rules through the use of the broader, Federal Bankruptcy Rule 2004, the bankruptcy courts have long recognized that such use of Rule 2004 is a pretext and an abuse of the purpose of Rule 2004 and will not be permitted. *See, e.g. In re: Enron Corp.*, 281 B.R. 836 (S.D. N.Y. 2002)(courts have repeatedly refused to permit a litigant to use Rule 2004 to benefit their pending litigation with the Debtor and the bankruptcy court properly denies a request for Rule 2004 exam by a litigant with a pending state court action against the Debtor); *In re: Board of Directors of Hopewell International Ins., Ltd.*, 258 B.R. 580 (Bankr. S.D. N.Y. 2001)(courts "rarely permit Rule 2004 to be used for discovery in connection with pending adversary proceedings or contested matters"); *In re: 2435 Plainfield Avenue, Inc.*, 223 B.R. 440 (Bankr. D. N.J. 1998)(court will not permit a litigant in pending adversary to depose debtor using Rule 2004, rather the litigant must proceed in accordance with the more narrow rules of civil procedure); *Snyder v. Society Bank*, 181 B.R. 40 (S.D. TX. 1994)(a litigant's "use of Rule 2004 to further its case in state court constitutes an abuse of Rule 2004"); *In re: Interpictures, Inc.*, 86 B.R. 24 (Bankr. E.D. N.Y. 1988)(aggrieved shareholder who believed the value of his stock in the Debtor had been impaired by management, nevertheless would not be permitted to circumvent discovery rules by seeking Rule 2004 order).

13.     The documents requested by Microflex and allegations contained in the body of the Motion make clear that this purely an attempt to an unsatisfied litigant to use Rule 2004 as a substitute for the applicable rules of civil procedure which it has employed in its litigation with the Debtor for nearly a year prior to the Petition Date. Allowing Microflex to use Rule 2004 as a pretext to pursue its litigation agenda is not appropriate in these circumstances. The Debtor has and continues to cooperate with and provide requested information to its key constituencies, including the U.S. Trustee, the Committee and SwRI. Moreover, the Debtor is continuing its efforts to formulate an exit strategy from Chapter 11, and Microflex 2004 Motion is an unwarranted distraction from that process.

14.     Accordingly, Microflex' Motion should be denied.[2]

WHEREFORE, the Debtor respectfully requests that the Court enter an Order: (a) denying the Motion, and (b) granting such other and further relief as the Court deems just.

Respectfully submitted,

FLASTER/GREENBERG P.C.

Dated: February 16, 2005
      Wilmington, Delaware

By:    */s/ James E. Huggett, Esquire*
       James E. Huggett, Esquire (# 3956)
       913 N. Market Street, 7th Floor
       Wilmington, Delaware 19801
       (302) 351-1125 (telephone)
       (302) 351-1919 (fax)
       james.huggett@flastergreenberg.com

       *Counsel to the Debtor*

---

[2] Alternatively, the event the Court is inclined to permit Microflex to conduct its 2004 examination, then, pursuant to Rule 2004(d) of the Federal Rules of Bankruptcy Procedure, the Debtor would request that the Court order such examination to take place at the Debtor's corporate headquarters in Chicago, Illinois, so as to minimize the distraction and disruption to the Debtor's business and reorganization efforts.